IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DAVID MANUEL ZOLTAR aka SALEEM
NURIDDIN ABDULLAH #314909                    :

     Petitioner                                   :

v                                            :   Civil Action No. PJM-09-1943

BOBBY SHEARIN, WARDEN, et al.,               :

     Respondents:

## MEMORANDUM OPINION

Respondents move to dismiss David Manuel Zoltar's application for a writ of habeas corpus as time-barred pursuant to 28 U.S.C. § 2244(d).  Document 7.  Zoltar has responded, claiming generally that he has suffered poor conditions of confinement within Maryland's correctional system.[1]  Document 15.   After reviewing these papers, the Court finds no need for an evidentiary hearing.  *See* Rule 8(a), <u>Rules Governing Section 2254 Cases in the United States District Courts</u>; *see also* 28 U.S.C. §2254(e)(2).  For reasons set forth herein, the Court shall dismiss the Petition with prejudice as time-barred.

### Procedural History

David Manuel Zoltar, also known as Saleem Nuriddin Abdullah, attacks his February 5, 2003,   convictions for attempted first-degree rape, first-degree sexual offense, and false imprisonment following a bench trial in the Circuit Court for Baltimore City.  Document 7-1 at 9.  On March 18, 2003, Zoltar was sentenced to life imprisonment for attempted first-degree

---

[1] Zoltar's complaints concerning health care, retaliation, transfers between prisons, placement on administrative segregation, dietary problems, and poor  conditions of confinement cannot be addressed in the context of a habeas corpus petition, and are best presented to the federal court by way of civil rights actions filed under 42 U.S.C. § 1983.  Additional correspondence (Documents 16 and 17 and attachments thereto) submitted by Zoltar likewise is unresponsive to the issue of expiration of the limitations period for seeking federal habeas corpus review.

rape, a consecutive life sentence for first-degree sexual offense, and a consecutive fifteen years imprisonment for false imprisonment. Document 7-2 at 11 and 7-4 at 2. On April 20, 2004, the Court of Special Appeals of Maryland vacated and merged the false imprisonment conviction, but otherwise affirmed the judgment in an unreported opinion. Document 7-4. Zoltar's pro se petition for writ of certiorari was denied by the Court of Appeals of Maryland on June 18, 2004, and his counseled petition for writ of certiorari was dismissed by that court on August 23, 2004.[2] Documents 7-5 and 7-6. Zoltar did not seek review in the United States Supreme Court and, accordingly, his convictions became final for purposes of direct review on November 21, 2004, when the time for seeking such review expired. *See* Sup. Ct. Rule 13.1 (petition for certiorari to be filed within 90 days of date of judgment from which appeal is sought).

On March 22, 2005, some 121 days after his conviction became final, Zoltar sought post-conviction relief in the Baltimore City Circuit Court. Document 7-3 at 12. Relief was denied in a September 29, 2008, order filed on October 7, 2008. Document 7-3 at 18 and Document 7-7 at 1. Zoltar's October 15, 2008, motion seeking leave to appeal was denied by the Court of Special Appeals on November 17, 2008, due to procedural defects.[3] Document 7-3 at 19 and Document 7-7 at 1 and 4. The instant action, dated July 16, 2009, was received for filing on July 20, 2009. 2009.[4] A total of 252 days elapsed between November 6, 2008 (the date on which time for seeking leave to appeal the denial of post-conviction relief expired), and July 16, 2009 (the date

---

[2] A petition for post-conviction relief filed on June 2, 2004 was dismissed without prejudice on June 8, 2004, because Zolar's direct appeal was pending. Document 7-3 at 11. This filing does not affect the outcome of this case.

[3] Zoltar's motion for reconsideration of the dismissal of his application for leave to appeal was denied by the Court of Special Appeals on February 17, 2009, with the mandate issuing March 19, 2009. The motion for reconsideration does not constitute a "properly filed" motion sufficient to toll the limitations period. *See Artuz v. Bennett*, 531 U.S. 4, 8-11 (2000) (properly filed pleading with cognizable post conviction claims tolls the limitations period of 28 U.S.C. § 2244(2).

[4] The petition is deemed filed on the date it was signed. *See Houston v. Lack*, 487 U.S. 266 (1988*); see also United States v. Dorsey,* 988 F.Supp.. 817, 919-20 (D. Md. 1998).

on which the instant Petition is deemed filed).

A one-year statute of limitations applies to habeas petitions. *See* 28 U.S.C. § 2244(d).[5] This one-year period is tolled while properly filed post-conviction proceedings are pending, and may otherwise be equitably tolled. *See* 28 U.S.C. §2244(d)(2); *Harris v. Hutchinson,* 209 F.3d 325, 328 (4th Cir. 2000).

It is apparent that no properly filed state post-conviction petition was pending to toll the limitations period between the time Zoltar's convictions became final on November 21, 2004, 2003,  and the filing of his post-conviction action on March 22, 2005, a period of 121 days. The petition was denied and dismissed in an order filed on October 7, 2008; leave to appeal that decision expired on November 6, 2008.[6]  Nothing was pending between that date and the filing of the instant Petition on July 16, 2009, a period of 252 days.  This collective period of 373 days

---

[5]This section provides:

> (1)     A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> > (A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> > (B)     the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)     the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

[6] Under Md. Rule 8-204, Zoltar had thirty days to properly seek leave to appeal the post-conviction court's decision.

exceeds the 365-day limitations period for seeking federal habeas corpus relief.

In order to be entitled to equitable tolling, Zoltar must establish that either some wrongful conduct by Respondents contributed to the delay in filing the post-conviction petition and properly seeking leave to appeal, or that circumstances that were beyond his control caused the delay. *See Rouse v. Lee*, 339  F. 3d 238, 246 (4th Cir. 2003); *Harris v. Hutchinson,* 209 F. 3d at 330.  "[A]ny resort to equity must be reserved for those rare instances where . . . it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Id.*  Nothing in the record suggests that Zoltar had been diligently pursuing his rights and that some extraordinary circumstance prevented him from promptly seeking state post-conviction relief. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Rouse*, 339 F.3d at 246.  To the extent delay might be attributed to his lack of understanding of the law, unfamiliarity with the law may not be used to justify equitable tolling.  *See  United States v. Sosa,* 364 F.3d 507, 512 (4th Cir. 2004).   Zoltar has failed to satisfy his burden to demonstrate that equitable tolling is warranted, and his claims for habeas corpus relief are time-barred.  For the reasons stated herein, the Court will deny and dismiss the Petition.  A certificate of appealability will not issue because Zoltar has not made a "substantial showing of the denial of a constitutional right.[7]  A separate order follows.

/s/
_____
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

January 29, 2010

---

[7]  When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir.) (quoting *Slack v. Daniel*, 529 U.S. 473, 484 (2000)).